IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DUANE BELGARVE,

    Petitioner,

v.

MARTIN VEAL, Warden,

    Respondent.

No. C 07-0528 WHA (PR)

**ORDER TO SHOW CAUSE AND PARTIAL DISMISSAL**

Petitioner, a California prisoner currently incarcerated at the California Medical Facility in Vacaville, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in San Mateo County, which is in this district. *See* 28 U.S.C. § 2241(d).

## DISCUSSION

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

B.   **LEGAL CLAIMS**

Petitioner pleaded nolo contendere to charges of making terrorist threats, inflicting corporal injury upon a cohabitant, and dissuading a witness. With sentencing enhancements, he was sentenced to eighteen years and four months in prison. He evidently did not appeal, but claims he has exhausted these claims by way of state habeas petitions.

As grounds for federal habeas relief, petitioner asserts that: (1) his counsel was ineffective in advising him to plea guilty and (2) there was prosecutorial misconduct in the preliminary hearing and pretrial phases of the case, in that the prosecutor coerced the victim into giving false evidence.

The second claim was waived by the nolo contendere plea. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations). It will be dismissed. The first claim is sufficient to require a response.

**CONCLUSION**

1. Petitioner's second claim, regarding prosecutorial misconduct, is **DISMISSED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

1  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state
2  trial record that have been transcribed previously and that are relevant to a determination of the
3  issues presented by the petition.

4  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
5  court and serving it on respondent within thirty days of service of the answer.

6  4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,
7  as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a
8  motion, petitioner shall file with the court and serve on respondent an opposition or statement of
9  non-opposition within thirty days of receipt of the motion, and respondent shall file with the
10 court and serve on petitioner a reply within 15 days of receipt of any opposition.

11 5. Petitioner is reminded that all communications with the court must be served on
12 respondent by mailing a copy of the document to respondent's counsel. Papers intended to be
13 filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also
14 must keep the court informed of any change of address by filing a separate paper with the clerk
15 headed "Notice of Change of Address," and comply with any orders of the court within the time
16 allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this
17 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez*
18 *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

19 **IT IS SO ORDERED.**

21 Dated: November   13  , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\ORDERS\HC\BELGARVE0528.OSC.wpd

3